**R.F.D. GROUP LIMITED and RFD–GQ Limited, Plaintiffs,**

v.

**RUBBER FABRICATORS, INC., Defendant.**

**No. 70 Civ. 4644.**

United States District Court, S. D. New York.

Jan. 14, 1971.

Reargument Denied Jan. 29, 1971.

Weiss, Bronston, Rosenthal, Heller & Schwartzman, New York City, for plaintiffs; Richard F. Horowitz, New York City, of counsel.

Kenyon & Kenyon, Reilly, Carr & Chapin, New York City, for defendant; Robert D. Fier, New York City, of counsel.

LASKER, District Judge.

R.F.D. Group Limited and RFD–GQ Limited are English corporations. They allege (1) that the defendant, incorporated in West Virginia, has misappropriated certain of plaintiffs' trade secrets and attempted to sell the products of that misappropriation in New York, (2) that in doing so, defendant has breached its contractual obligations with the plaintiffs, (3) that certain activities of the defendant constitute unfair competition at common law, (4) that defendant has violated § 43(a) of the Trade-Mark Act of 1946, 15 U.S.C.A. § 1125 (a), and (5) that defendant has infringed plaintiffs' copyright. Plaintiffs commenced their action in New York State Supreme Court; defendant subsequently removed to this court under 28 U.S.C.A. § 1441.

Plaintiffs seek a preliminary injunction to prevent defendant from manufacturing or selling its aircraft lifting bags, the product allegedly manufactured on the basis of plaintiffs' trade secrets; from representing that defendant's bags are as good as plaintiffs' product; and from engaging in other acts of unfair competition.

Defendant moves to dismiss the complaint under Rule 12(b) of the Federal Rules of Civil Procedure for lack of jurisdiction over the person of the defendant. In the alternative, defendant moves for a change of venue to the Southern District of West Virginia under 28 U.S.C.A. § 1404(a).

The threshold question is whether New York's long-arm statute, CPLR § 302, provides personal jurisdiction of the defendant.

## JURISDICTIONAL FACTS

Neither party in this action is licensed to do business in New York or maintains any office in New York. Plaintiff R.F.D. Group Limited and its wholly owned subsidiary, RFD–GQ Limited, are incorporated in Great Britain. Defendant maintains its principal place of business and only manufacturing facilities in West Virginia. In 1965 the parties entered into a contractual arrangement for the manufacture of various inflatable products; among the licensed equipment subject to the agreement were aircraft lifting bags, products which plaintiffs had created. The bags, when placed under an aircraft and inflated, operate like a series of jacks to lift a disabled aircraft off the ground for repairs, removal, etc. The 1965 agreement between the parties was negotiated in England and elsewhere, but in no event in New York State.

Since 1970, the defendant (which, commencing in 1965, had manufactured aircraft lifting bags for sale to the United States Government) has decided to extend its product sales to commercial airlines. It has sent some five letters to airline company offices in New York and has made several telephone calls to New York in order to interest prospective customers in the product. In April of 1970 it sent one Virgil Springer to New York to meet with two commercial airline companies and acquaint them with the product. Springer spent two days in New York. Defendant's affidavits described him as an independent contractor whom defendant hired on a per diem basis to travel to New York to solicit orders. No sales have resulted from his or defendant's other efforts to date. Springer is not an employee of or subject to any written contract with the defendant.

Further activity which defendant has conducted in New York involves the use of a copy of a photograph of plaintiffs' product as part of defendant's own sales pamphlet relating to aircraft lifting bags, as well as an instructional manual relating to the bags. The defendant's manual bears numerous and substantial similarities to plaintiff's manual. Plaintiffs' copy is dated November 1967 and defendant's bears the date August 1970.

Plaintiffs also complain of the appearance of an advertisement for defendant's "inflatables" which contains the logo "R.F.D." in the August-September 1970 issue of a periodical of national circula-

tion. Defendant states that it had been authorized by plaintiffs to use the logo and that it has ceased use of the logo since September 1970 at the request of plaintiffs. The publication appears to be available in New York.

## CONTENTIONS AS TO JURISDICTION

Plaintiffs argue that the foregoing facts establish jurisdiction both under CPLR § 302(a)1 (transacting business in New York) and under CPLR § 302(a)2 (committing a tortious act in New York).

■ Defendant contends that its activities did not constitute either transacting business or committing a tortious act within the meaning of the statute. It claims that the letters and visit were the mere solicitation of business, which does not constitute "purposeful" activity in New York sufficient, under the cases, to constitute a basis for jurisdiction under the statute. Defendant takes no position as to the allegations of misuse of plaintiffs' instructional manual or photograph, and its silence must be taken as an admission of these allegations. As to the copyright infringement claim, defendant argues that, since the alleged infringement could not properly be raised in the state court from which the case was removed, it is improperly before this court on removal. This contention, although of course correct as to the original complaint, is not valid with regard to the amended complaint filed in this court.

For the reasons stated below I find that the defendant has not transacted business in New York within the meaning of CPLR § 302(a)1; that jurisdiction does extend under § 302(a)2 to the specific torts which occurred in New York, but only to the causes of action arising out of those torts; that the motion for a change of venue should not be granted; and that, although the court has jurisdiction of the copyright infringement claim under the amended complaint, it nevertheless should be dis-missed under 28 U.S.C.A. § 1406(a) on account of improper venue, since in the circumstances of this case the interest of justice would not be furthered by transferring this isolated segment of the case to the Southern District of West Virginia, where venue is properly laid.

The scope of the court's jurisdiction is detailed in the following analysis of each of the counts of the complaint:

A. *The tortious appropriation of plaintiffs' trade secrets.*

■ Plaintiffs contend that the alleged misappropriation of trade secrets and the attempts by defendant's agent in New York to sell its products based on such alleged misappropriation are part of a unitary continuing tort, and that the occurrence of the latter part of that continuing tort in New York would give this court jurisdiction over all parts of the tort. Section 302(a)2 requires that the cause of action "arise from" the torts committed in New York. The unlawful misappropriation of trade secrets occurred, if at all, in West Virginia, where defendant's manufacturing plants are located; it certainly did not occur in New York. Consequently § 302(a)2 does not confer jurisdiction of the misappropriation itself.

■ In Kramer v. Vogl, 17 N.Y.2d 27, 267 N.Y.S.2d 900, 215 N.E.2d 159 (1966), the New York Court of Appeals discussed the application of § 302(a)2 in analogous circumstances. There, in a suit based on the tort of fraud against an Austrian company, plaintiff argued that jurisdiction under § 302(a)2 arose from the commission in New York of the last act of an alleged fraud. Rejecting this argument, the court noted that:

"A difficulty [with plaintiff's contention as to the last act of the alleged tort being sufficient as a basis for jurisdiction] is, however, that in Feathers v. McLucas and Singer v. Walker, 15 N.Y.2d 443, 261 N.Y.S.2d 8, 209 N.E.2d 68, we have given restrictive meaning to the requirement

that there be a showing of a tortious act committed in this State and have made it clear that the statutory phrase is not synonymous with 'commits a tortious act *without* the state which causes injury within the state' (supra, p. 460, 261 N.Y.S.2d p. 21, 209 N.E.2d p. 77). The plain meaning of the Feathers and Singer decisions (supra) is that jurisdiction under 302 (subd. [a], par. 2) requires that a defendant's act of omission occur within the State. Here, in common sense and reality, everything defendants Vogl did was done in Europe." *Id.*, 17 N.Y. 2d at 31, 267 N.Y.S.2d at 903, 215 N.E. 2d at 161.

However, while these observations apply to the misappropriation itself, they do not pertain to the torts claimed to have taken place in New York, that is, the attempt in New York to sell defendant's product in connection with the use of a copy of a photograph of plaintiffs' product and of plaintiffs' instructional manual and the separate use of its "logo." It has been noted above that the defendant has not contested the allegations as to the use of these materials, and such use in connection with an attempted sale by defendant in New York would constitute tortious activity within the meaning of § 302(a)2, thereby conferring jurisdiction on the court as to the attempted sale in New York, although not as to the basic misappropriation of trade secrets.

Plaintiffs' argument, of course, depends in the first instance on a finding that Springer was defendant's agent. Under Parke-Bernet Galleries, Inc. v. Franklyn, 26 N.Y.2d 13, 19, 308 N.Y.S. 2d 337, 256 N.E.2d 506 (1970), this appears clearly to be the case.

Section 302(a)1 provides no vehicle in this case for acquiring any wider jurisdiction than that afforded under § 302(a)2. Fontanetta v. American Board of Internal Medicine, 421 F.2d 355, 358–359 (2d Cir. 1970). In that case, plaintiff objected to the denial of certification on the basis of oral examinations which he took in St. Louis and elsewhere, although he had undertaken written tests in New York. The defendant was incorporated in Iowa, with its principal place of business in Philadelphia. The court observed, at 359:

"In other words, while we get no compelling guidance from the New York courts on this aspect of the case, we see no strong reason why the written and oral examinations should both be regarded as one transaction, the heart of which occurred in New York. We hold that plaintiff's claim arises out of events that took place only in St. Louis or Philadelphia, and does not arise out of the transaction of business in New York."

Here, the claim of misappropriation of trade secrets arose from events outside New York, and, except for the tortious attempt to sell specified above, not from events within New York. Since, as has been noted, jurisdiction as to the tortious attempt to sell is conferred by § 302(a)2, we need not determine whether it might also be conferred by § 302(a)1, although it may be proper to observe that assertion of jurisdiction based on such an isolated solicitation of sales might fall afoul of the constitutional requirements of International Shoe Co. v. State of Washington Office of Unemployment Compensation, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

As the Court of Appeals of New York State observed in McKee Electric Co. v. Rauland-Borg Corp., 20 N.Y.2d 377, 383, 283 N.Y.S.2d 34, 38, 229 N.E.2d 604, 607 (1967),

"In our enthusiasm to implement the reach of the long-arm statute (CPLR 302), we should not forget that defendants, as a rule, should be subject to suit where they are normally found, that is, at their pre-eminent headquarters, or where they conduct substantial general business activities. Only in a rare case should they be compelled to answer a suit in a jurisdiction with which they have the barest of contact (e. g., McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 233)."

## B. *Breach of contract.*

■ The second claim of plaintiffs' complaint is based upon breach of contract, specifically that defendant made improper use of the trade secrets which plaintiffs revealed to it in confidence and which it promised expressly in the contract to keep confidential.

As was the case with the first count of plaintiffs' complaint, this cause of action does not arise from any transaction occurring in New York. The contracts between plaintiffs and defendant were negotiated in England, West Virginia, and perhaps other places, but in no event in New York State. The breach of confidentiality occurred in the manufacture in the first instance; plaintiffs do not allege that defendant has revealed the secrets in New York, only that it has attempted to sell its aircraft lifting bags in that state.

Accordingly, for the same reasons outlined above, the breach cannot support jurisdiction under § 302(a).

## C. *Unfair competition.*

Plaintiffs' third cause of action arises out of the tort at common law in New York of unfair competition. They allege that "defendant has passed itself off as the manufacturer of aircraft lifting bags which in truth are manufactured by plaintiffs." (Par. 26 of amended complaint). They further allege that defendant has passed itself off as plaintiffs, has passed off products not made by plaintiffs as having been manufactured by plaintiffs, has used pictures of plaintiffs' products and plaintiffs' literature relating thereto in connection with the marketing of defendant's product, and has represented that its bags are as good as the plaintiffs' bags.

The specific acts which constitute these various torts of unfair competition are the same underlying appropriation of plaintiffs' trade secrets, the use of the "R.F.D." logo in an advertisement, the copying of portions of plaintiffs' manual for defendant's manual, and the use of a copyrighted photograph from the plaintiffs' literature.

■ While jurisdiction as to the basic misappropriation does not exist under this cause of action because, as indicated above, the facts relating to that misappropriation did not occur within New York State, this is not true as to three alleged instances of unfair competition: copying of the plaintiffs' manual, use of a photograph of its product, and use of its logo. Defendant's argument that the manual was not copied in New York is inapposite; the use of a copied manual within the state is in itself a tort. Defendant's claim that it used the logo pursuant to an agreement with plaintiffs may constitute a meritorious defense, but does not vitiate jurisdiction arising from the allegation of unlawful use within New York. The alleged use of plaintiffs' photograph by defendant, if proven, would constitute unfair competition occurring within the state. As to each of these instances of unfair competition, § 302(a)2 confers jurisdiction.

## D. *Trademark violations.*

The fourth cause of action in the complaint alleges violations of the trademark laws of the United States based upon defendant's alleged use of false designations of origin and false descriptions of its products, 43(a) of the Trademark Act of 1946 (Lanham Act), 15 U.S.C.A. § 1125(a).

■ Plaintiffs cite defendant's use of their photograph as a violation; further, the use of plaintiffs' product or literature in connection with defendant's marketing of its own "inferior" product is said to be a violation. Finally, it is claimed that the dissemination of defendant's sales manual, described as "a Chinese copy" of plaintiffs', is a violation. (Plaintiffs' Memorandum in Support of Motion for Preliminary Injunction, at 24–28).

These alleged torts all occurred in New York, and the causes of action arise out of them. The causes were properly pleaded in New York State Supreme

Court, and the jurisdiction here on removal is valid. Accordingly, jurisdiction is sustained under § 302(a)2 as to the alleged trademark violations.

### E. *Copyright violations.*

 In their original complaint filed in New York Supreme Court plaintiffs did not allege as a cause of action that the defendant's use of plaintiffs' photograph violated the copyright laws of the United States. This being the case, they could not maintain the claim on removal, for this court has only the jurisdiction upon removal that the state court had. Accordingly, plaintiffs have amended their complaint as a matter of right under the provisions of Rule 15(a), F.R.Civ.P. The amended complaint alleges as a separate cause of action copyright infringement as to plaintiffs' photograph. While jurisdiction over this cause of action appears to exist, nevertheless venue is not properly laid in this district since 28 U.S.C.A. § 1400(a) provides that civil actions for infringement of copyright "may be instituted in the district in which the defendant or his agent resides or may be found." The defendant here neither resides nor can be found in this district.

Under the provisions of 28 U.S.C.A. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Although the copyright claim of plaintiffs "could have been brought" in the Southern District of West Virginia, it appears proper, in the context of this case, to dismiss the cause of action rather than to transfer it to that district. The interest of justice would not be served by transferring an isolated segment of the case which is peripheral in nature, and the determination of which would have an insubstantial effect on the total litigation. Accordingly, the cause of action contained in the amended complaint as to copyright violation is dismissed under the provi-

sions of 28 U.S.C.A. § 1406(a), without prejudice to the plaintiffs to reinstitute the copyright claim within the proper district if they so elect.

### SUMMARY OF JURISDICTION

For the reasons stated above this court has jurisdiction under § 302(a)2 of the tortious use by defendant of plaintiffs' photograph, manual and logo. It does not have jurisdiction under § 302(a)1 as to any of the causes of action alleged, nor under § 302(a)2 as to the alleged basic misappropriation of plaintiffs' trade secrets or breach of contract.

### PLAINTIFFS' MOTION FOR PRE-LIMINARY INJUNCTION

In this factual context plaintiffs move for a preliminary injunction restraining defendant from "1. Manufacturing, selling or otherwise distributing aircraft lifting bags; 2. Making any statements in words or substance and whether oral or in writing, to the effect that defendant's aircraft lifting bags are as good as those of plaintiffs or function as well as those of plaintiffs; and 3. Otherwise engaging in unfair competition with plaintiffs."

 The criteria generally recognized for the determination of granting injunctive relief are: (1) the probability of plaintiff's succeeding on the merits; (2) irreparability of harm to the plaintiff pendente lite; (3) the balance of hardships between the parties; and (4) where appropriate, the public interest. Hamilton Watch Co. v. Benrus Watch Co., 206 F.2d 738 (2d Cir. 1953); Studebaker Corp. v. Gittlin, 360 F.2d 692 (2d Cir. 1966). Applying these principles in the light of the foregoing discussion, I find that the issuance of an injunction in the broad terms sought by plaintiffs would be an improper exercise of the court's equitable jurisdiction. I have held that the court does not have jurisdiction as to the overall charge of misappropriation of trade secrets and breach of contract. Even assuming, arguendo, the use by defendant of plain-

tiffs' photograph, the use of their logo, and the improper copying of their manual, such activity is hardly sufficient to justify the request that defendant should be restrained altogether from manufacturing, selling, or otherwise distributing aircraft lifting bags. Nor does anything in the record justify the granting of the request that defendant be restrained from making statements to the effect that defendant's aircraft lifting bags are as good as those of plaintiffs.

While failure to grant an injunction against these acts may cause damage to the plaintiffs pendente lite, its issuance would put defendant out of the aircraft lifting bag business altogether. Aside from the fact that, under the circumstances, the balance of hardships tips decidedly towards defendant, the issuance of such an injunction would for all practical purposes grant plenary rather than preliminary relief. To the extent that a public interest exists in this case, it assuredly favors the continuation in business of both parties and not the elimination of one of them.

■ Nevertheless, plaintiffs are entitled pendente lite to be protected against further misuse by the defendant of any material emanating from plaintiffs' authorship, whether in the nature of photographs, printed manuals, or otherwise, without the consent of plaintiffs.

### MOTION FOR A CHANGE OF VENUE

■ Shorn of those issues for which this court lacks jurisdiction, defendant's motion for a change of venue under 28 U.S.C.A. § 1404(a) applies only to the causes of action arising from defendant's use of the photograph, manual and logo. While it is true that witnesses and documentary evidence regarding these issues may be present in West Virginia, the acts themselves occurred and the effects of those acts exist in New York. Jurisdiction was properly founded here, and plaintiffs have demonstrated that, although they reside neither in New York nor West Virginia, New York is a far more convenient forum for them than West Virginia. Any witnesses called to demonstrate that defendant's use of plaintiffs' material created a "false impression" will undoubtedly, or at least probably, be found in the New York area. As to inconvenience to the parties, the situation, as so often is the case, is a standoff, and in the circumstances the plaintiffs' choice of forum weighs in favor of retaining the case here.

\* \* \*

In summary, the defendant's motion to dismiss for lack of jurisdiction is denied except to the extent indicated above; plaintiffs' motion for a preliminary injunction is granted to the limited extent of restraining further misuse of any material emanating from plaintiffs' authorship; and defendant's motion for a change of venue is denied.

The foregoing constitutes the findings of fact and conclusions of law required by Rule 52, Federal Rules of Civil Procedure.

Submit order on notice.

### ON DENIAL OF REARGUMENT

Plaintiffs move for a "reconsideration of this court's decision of January 14, 1971, that it lacked in personam jurisdiction as to the first cause of action in the amended Complaint." The motion is made under General Rule 9(m) (motion for reargument) and is regarded as such. Defendant opposes.

Plaintiffs offer no new argument nor new information in respect to the case. The propositions put by them, however sincerely proffered or urgently pressed, simply repeat the contentions made on the motion for a preliminary injunction.

The issue of misappropriation of trade secrets will have to be determined in a court of competent jurisdiction. If any misappropriation is found, then and only then would the attempts to sell the products of that misappropriation con-

stitute tortious acts some of which this court found to have occurred within New York State.

The motion to reargue is denied.

It is so ordered.