**STERLING TELEVISION PRESENTA-TIONS, INC., Plaintiff,**

v.

**SHINTRON COMPANY, INC., Defendant.**

**No. 77 Civ. 5457 (VLB).**

United States District Court, S. D. New York.

June 14, 1978.

184

Gerald H. Kiel, Toren, McGeady & Stanger, P. C., New York City, for plaintiff.

David Wolf, Wolf, Greenfield & Sacks, Boston, Mass., for defendant.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

Defendant Shintron Co., Inc. ("Shintron") has moved for dismissal of the complaint pursuant to Fed.R.Civ.P. 12(b)2–5 on the grounds of lack of personal jurisdiction over the plaintiff, improper venue, insufficiency of process, and insufficiency of service of process. For the reasons hereafter stated, defendant's motion is denied.

Plaintiff Sterling Television Presentations, Inc. ("Sterling") is a New York corporation with its principal place of business on Long Island, which designs, manufactures and sells electronic equipment, including typewriters, primarily in the field of video character generators. One of these "typewriters", the T1000A Studio Titling System ("T1000A") is the basis for this action. Sterling has copyrights on certain technical drawings related to the T1000A.

Shintron is a Massachusetts corporation with its principal place of business in Cambridge, Massachusetts.

On April 21, 1976 Sterling and Shintron entered into an exclusive marketing agreement (hereafter the "April 1976 agreement") by the terms of which Shintron became the exclusive retail marketing agent for the T1000A and Sterling ceased marketing the T1000A.

Shintron began marketing the T1000A, renaming it the Shintron Model 505 Videotypewriter. During the autumn of 1976, Shintron fell behind in payments to Sterling under the April 1976 agreement and eventually the April 1976 agreement was terminated.

On December 22, 1976 Sterling and Shintron entered into a new agreement (hereafter the "December 1976 agreement") under which defendant would market the T1000A on a non-exclusive basis. By the terms of this agreement, Sterling was to ship the typewriters directly to Shintron's retail customers and was to receive payments directly from the retail customers, crediting Shintron's account.

In January 1977 Sterling sent to Shintron, at Shintron's request, a T1000A (Model 505) videotypewriter to use as a demonstrator. The parties performed under the December 1976 agreement until it was terminated in June 1977. Thereafter, Shintron commenced to manufacture and continued to sell the Model 505 videotypewriter.

Sterling seeks an injunction ordering Shintron to cease the manufacture and sale of the Model 505 videotypewriter. Sterling claims that the manufacture and sale constitute breach of the April 1976 agreement, breach of a confidential relationship, and infringement of Sterling's copyright.

Shintron has filed no answer to the complaint, but appears specially to contest personal jurisdiction, venue and service of process. While Sterling has moved for a preliminary injunction, that motion is being held in abeyance pending disposition of Shintron's motion to dismiss.

## Jurisdiction

█ Personal jurisdiction over a foreign corporation is governed by the law of the forum state. *Arrowsmith v. United Press International*, 320 F.2d 219, 223 (2d Cir. 1963). Pursuant to N.Y. CPLR Section 302(a)(1), a foreign corporation is subject to suit in New York if it has transacted business within the state and the cause of action asserted arises out of the New York

transaction of business. *See Fontanetta v. American Board of Internal Medicine*, 421 F.2d 355, 357–58 (2d Cir. 1970); *Frummer v. Hilton Hotels Int'l., Inc.*, 19 N.Y.2d 533, 536, 281 N.Y.S.2d 41, 227 N.E.2d 851 *cert. denied*, 389 U.S. 923, 88 S.Ct. 241, 19 L.Ed.2d 266 (1967); Herbert M. Wachtell, *N.Y. Practice under the CPLR*, (5th ed. 1976), p. 41. Thus, I must examine Shintron's transactions within New York and determine the issue of personal jurisdiction separately for each cause of action asserted in Sterling's complaint. *See R.F.D. Group Limited v. Rubber Fabrications, Inc.*, 323 F.Supp. 521 (S.D.N.Y.1971).

█ Plaintiff bears the burden of proof in establishing personal jurisdiction over defendant. I shall make this determination on the pleadings and affidavits before me, *Lynn v. Cohen*, 359 F.Supp. 565, 566 (S.D.N.Y.1973), which will be considered in the light most favorable to Sterling, the nonmoving party. *Freeman v. Gordon & Breach Science Publishers, Inc.*, 398 F.Supp. 519, 520 (S.D.N.Y.1975).

*First cause of action.* In the first cause of action Sterling charges Shintron with copyright infringement through Shintron's use in its brochures of certain drawings. The infringement allegedly occurred through unauthorized copying and distribution of the drawings. It is not clear whether Shintron copied the drawings or whether it wrongfully used drawings with which it had been supplied. These drawings were distributed in a manual which accompanied the Model 505 videotypewriter. Shintron shipped at least one videotypewriter to New York, to Sterling, although it was shipped F.O.B. Massachusetts.

Mere shipment of merchandise to New York does not constitute transaction of business. *Kramer v. Vogl*, 17 N.Y.2d 27, 267 N.Y.S.2d 900 (1966).

█ However, solicitation plus shipment does constitute a sufficient tie with the State of New York to warrant the finding of jurisdiction under CPLR Section 302(a)(1). *See Singer v. Walker*, 15 N.Y.2d 443, 261 N.Y.S.2d 8, 209 N.E.2d 68, *cert.*

denied, sub nom. Estwing Mfg. Co. v. Singer, 382 U.S. 905, 86 S.Ct. 241, 15 L.Ed.2d 158 (1965); and *Buckley v. Redi-Bolt, Inc.,* 268 N.Y.S.2d 653 (Sup.Ct.1966) *discussed in* McLaughlin, James B., Practice Commentaries C.302:13 at p. 80 (McKinney 1972).

Shintron demonstrated and displayed its products, including the manual, at an exposition in New York City during the second week of October 1977. The show was attended by Mr. Shintaro Asano, president of Shintron, and two Shintron salesmen. The purpose of exhibiting at the exposition was to solicit orders.

█ Thus Shintron has engaged in purposeful activity within New York, enjoying the protection of the laws of the state. *Longines-Wittnauer Watch Co. v. Barnes & Reinecke, Inc.,* 15 N.Y.2d 443, 261 N.Y.S.2d 8 (1965). I find that this court has personal jurisdiction over Shintron with respect to the first cause of action.

*Second cause of action.* The second cause of action asserted by Sterling is for breach of contract.

Paragraph 5 of the April 1976 agreement provides:

> When Video Data Systems[1] no longer, for some reason, wishes to manufacture the product, Shintron shall have the right to manufacture as a non-exclusive licensee, license fee to be negotiated.

Although this agreement was terminated, Sterling maintains that the above-quoted provision survived the termination and that Shintron committed a breach by the manufacture of the Model 505 videotypewriter, which Sterling asserts is identical to the T1000A and not an independent product.

█ Because this claim is for breach of contract, the proper inquiry is "whether, looking at 'the totality of the defendant's activities within the forum,' purposeful acts have been performed in New York by the foreign corporation in relation to the contract, 'albeit preliminary or subsequent to its execution.'" *Galgay v. Bulletin Co., Inc.,* 504 F.2d 1062, 1064 (2d Cir. 1974), quoting *Longines-Wittnauer Watch Co. v.*

*Barnes & Reinecke, Inc.,* 15 N.Y.2d 443, 457 and n. 5, 261 N.Y.S.2d 8, 209 N.E.2d 68 (1965).

Sterling has alleged and Shintron has not disputed the following facts in relation to the April 1976 agreement:

a. Defendant Shintron originally approached plaintiff Sterling in February of 1976 to propose that Shintron act as marketing agent for Sterling. Mr. Wahlberg, an employee of Shintron, came to Sterling's plant on Long Island, New York for the purpose of negotiations. Several additional meetings took place in Sterling's Long Island plant during negotiations leading up to the April 1976 agreement in which defendant's employees, including its president, Mr. Asano, took part.

b. The agreement of April 21, 1976 was countersigned in New York at the insistence of defendant's president, Mr. Asano. For this purpose the agreement was hand-carried to plaintiff's Long Island office by Mr. Wahlberg.

c. During the course of the April 1976 agreement, an employee of defendant's, Mr. Eckard Konkel, came to plaintiff's Long Island office on numerous occasions to discuss matters relating to the agreement.

d. Most T1000A Model 505 units purchased by defendant from plaintiff were shipped F.O.B. Hauppauge, New York during the effective time of the April 1976 agreement.

e. Various T1000A Model 505 units purchased by defendant were physically delivered to employees of defendant at defendant's Long Island plant.

f. An employee of defendant, chosen by defendant to repair the T1000A Model 505 Systems, was trained at plaintiff's Long Island plant. Some of the confidential information wrongfully used by defendant was given to this employee at this time.

I find that the transactions listed above constitute purposeful activity in New York within the ambit of the fair play considerations of *International Shoe v. State of*

---

1. Video Data Systems is a division of plaintiff.

*Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) and CPLR Section 302(a), and that the cause of action arises from those acts.

I therefore find that this court has personal jurisdiction over the defendant with respect to the second cause of action.

*Third cause of action.* The third cause of action charges Shintron with unfair competition by wrongful appropriation of trade secrets and know-how and breach of confidential relations through the manufacture and sale of the Model 505 videotypewriter. Shintron alleges that any action relating to these claims occurred, if at all, in Massachusetts, because the unit was manufactured there and the unit and brochures were compiled and distributed from there.

In *R.F.D. Group Limited v. Rubber Fabrications, Inc., supra,* 323 F.Supp. at 524–25, Judge Lasker considered the issue of jurisdiction where the wrongful appropriation of trade secrets physically took place outside New York in defendant's factory but sale or attempted sale of the product developed with the secrets took place in New York. Judge Lasker severed the misappropriation of the trade secrets outside New York from the attempted sale of the resulting product in New York for the purposes of jurisdiction. *See also PPS, Inc. v. Jewelry Sales Representatives, Inc.,* 392 F.Supp. 375 (S.D. N.Y.1975).

I find this approach consistent with the mandate of Section 302 that the cause of action must arise out of asserted transactions in New York, and shall consider the claim of misappropriation of trade secrets separately from the sale or attempted sale of the product.

■ The common law with respect to misappropriation of trade secrets protects the holder of the trade secret "against disclosure or unauthorized use of trade secrets by those to whom the secret has been confided under the express or implied restriction of nondisclosure or nonuse."[2] J. Doo-

ley, *Modern Tort Law* Vol. 3 (1971), p. 73. Clearly the unauthorized use occurred and the cause of action arose where the information was used in the manufacture of Shintron's product, in its factory in Massachusetts. There was no transaction of business in New York out of which this cause of action arose, and no jurisdiction under Section 302(a)(1).

■ The manufacture was an alleged tort outside the state which arguably caused injury within the state. Personal jurisdiction would exist under Section 302(a)(3) if defendant committed a tort outside the state causing injury within if defendant "(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce". Sterling does not argue that Shintron carries on such substantial or systematic activity within the state, nor does it argue that Shintron derives substantial revenue from interstate or international commerce and that it should have expected New York consequences from its action in Massachusetts. I find that Section 302(a)(3) does not apply in this action and this court lacks personal jurisdiction over defendant for misappropriation of trade secrets.

■ The sale or any attempted sale in New York of the product wrongfully developed is an independent tort. *See R.F.D. Group Ltd. v. Rubber Fabricators, Inc., supra,* 323 F.Supp. at 525. In this case, at the least, there were attempted sales by Shintron at an exposition in New York in October 1977. Thus jurisdiction exists pursuant to Section 302(a)(2), predicated upon commission of a tortious act within the state.

■ Jurisdiction may also exist under Section 302(a)(1), for attempted sale at the

**2.** The law also protects the holder of a trade secret against disclosure or use when the knowledge is gained, not by the owner's voli-

tion, but by some improper means. James A. Dooley, *Modern Tort Law* (Vol. 3 1971) p. 73.

week-long exhibition was a transaction of business within Section 302(a)(1).

*Fourth cause of action.* The fourth cause of action is for fraud and deceit. Sterling contends that Shintron made false and material misrepresentations to Sterling to obtain trade secret information. Specifically, Sterling contends that in July 1976, defendant requested drawings which it did not need in order to obtain proprietary information about the manufacture of the T1000A system, and in January 1977 defendant requested a T1000A videotypewriter ostensibly to use as a demonstrator but actually to obtain technical information for the manufacture of the unit. Sterling does not state whether these requests were made in person, by telephone or by letter.

 Physical presence in the state is not necessary to a finding of personal jurisdiction; under certain circumstances a telephone transaction can be enough. *Parke-Bernet Galleries, Inc. v. Franklyn,* 26 N.Y.2d 13, 17, 308 N.Y.S.2d 337 (1970). The requests, however made, were directed to Sterling in New York and requested the transport of material from New York to Shintron. Furthermore, the requests were made, at least ostensibly, in connection with the performance of contracts which have significant contact with New York.[3] Therefore, I find that this court has jurisdiction over the fourth cause of action pursuant to CPLR § 302(a)(2).

 *Fifth cause of action.* The fifth and final cause of action is for unfair competition by false and misleading advertising, in violation of 15 U.S.C. Section 1125 and 35 U.S.C. Section 292(a). Section 1125 prohibits, in connection with any goods or services, affixing, applying or using a false designation of origin or any false description or representation. Section 292(a) pro-

hibits use in advertising of the name of the patentee or the word "patent" without the consent of the patentee. It is clear that one need not have copied the mark or written the word "patent" in New York; the use of the copied material in New York is in itself a tort. *R.F.D. Group Limited v. Rubber Fabricators, Inc., supra,* 323 F.Supp. at 526–27. Shintron "used" the copied material in New York at the Video Expo Show. Since a tort was allegedly committed within the State of New York, this court has personal jurisdiction over this cause of action pursuant to Section 302(a)(2).

*Venue*

The next inquiry is whether venue is proper in this district rather than in federal court in another locale.

 While jurisdiction over the person is determined according to state law, venue is a question of federal law. The general venue statute is 28 U.S.C. Section 1391:

§ 1391. Venue generally

(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or defendants reside, or in which the claim arose.

(b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law.

(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes.

3. The July 1976 request was made under the April 1976 contract, which I have found has significant contact with New York.

The January 1977 request necessarily was made under the December 1976 contract, which was executed to change aspects of the April 1976 contract with which defendant had not been able to comply. Plaintiff contends and defendant apparently concedes the follow-

ing: the December 1976 contract was signed by the parties in the plaintiff's Long Island, New York office; during its four month duration plaintiff acted as defendant's shipping agent, shipping systems from its New York offices. Thus, the December 1976 contract also has sufficient contacts with New York for the purposes of long-arm jurisdiction.

Defendant Shintron is a corporation; thus determination of venue begins with Section 1391(c). Shintron is not incorporated or licensed to do business in New York. Therefore, I must determine whether Shintron is "doing business" in New York for the purposes of Section 1391(c).

■ The test for doing business for venue purposes is not equivalent to the transaction of business test used to establish jurisdiction under CPLR Section 302(a)(1); it is analogous rather to the "doing business" test used to establish jurisdiction under CPLR Section 301. *Honda Associates, Inc. v. Nozawa Trading, Inc.*, 374 F.Supp. 886, 889–90 (S.D.N.Y.1974), discussing *Carter-Wallace, Inc. v. Ever-Dry Corp.*, 290 F.Supp. 735 (S.D.N.Y.1968).

In order to find that Shintron is "doing business" within this district, I must find that it conducts business here continuously and systematically. *Frazier, III v. Alabama Motor Club, Inc.*, 349 F.2d 456 (5th Cir. 1965). It cannot seriously be argued that Shintron is "doing business" in this district in any continuous and systematic sense. Its presence at a trade exposition, and its occasional sales forays into the district, are not sufficient.

■ However, a finding that Shintron is not doing business under Section 1391(c) does not automatically require the conclusion that venue is not proper in this district. Section 1391(c) does not preempt Sections 1391(a) and (b), but supplements them. *See Honda Associates, Inc. v. Nozawa Trading, Inc., supra*, 374 F.Supp. at 890. Its provisions apply in the determination of whether a defendant "resides" in a district for purposes of Section 1391(a) or (b).

■ Since the action [4] before me is not founded solely on diversity, Section 1391(b) applies and the action may be brought only in the district where all defendants reside or in which the claim arose. I have already found that Shintron does not reside in this district. Therefore, the action may be brought here only if the claim arose in this district.

The claim can be said to have arisen in a district where there are significant contacts. *See Moore's Federal Practice* ¶ 0.142[5.–2] at Vol. 1, pp. 1432–34 and n. 74 (1977).

I find that there are contacts with this district establishing proper venue here. Although Shintron's factory is in Massachusetts, the initial contract between plaintiff and defendant was negotiated in New York, and was partially performed in New York through sales or solicitation in New York at the exposition and through other contacts. Shintron allegedly used the fruits of the wrongfully appropriated trade secrets in New York at the exposition and allegedly infringed Sterling's copyright in New York.

■ In addition to a finding of venue under Section 1391, I must determine whether venue exists here for the copyright claim under 28 U.S.C. Section 1400(a).

Section 1400(a) establishes venue in a copyright action in "the district in which the defendant or his agents resides or may be found." As discussed above, Shintron does not reside in this district, and there is no contention that any agent of Shintron resides here. However, I find that Shintron "may be found" in this district for the purposes of Section 1400(a). As stated in *Mode Art Jewelers Co. v. Expansion Jewelry Ltd.*, 409 F.Supp. 921, 923 (S.D.N.Y. 1976), "[a] corporation is 'found' in any district in which personal jurisdiction might be obtained over it . . . [for it is there] engaged . . . in the same type of 'systematic and continuous activity' necessary to make it 'present' there under the rule of *International Shoe Co. v. State of Washington*, 326 U.S. 310, [66 S.Ct. 154, 90 L.Ed. 95] (1945)." (other cites omitted).

Although the phrase "systematic and continuous activity" is usually used in connection with the "doing business" test of CPLR

---

4. While in personam jurisdiction is determined separately as to each cause of action, venue under Section 1391 is determined as to the entire "claim", the action as one unit. *Moore's Federal Practice*, ¶ 0.142[5.–2] at Vol. 1, p. 1431 (1977).

Section 301, the reference to *International Shoe* makes it clear that a finding of personal jurisdiction under CPLR Section 302(a)(1), i. e., a finding of transaction of business and contacts with the forum cognizant with notions of due process and fair play, suffices to establish that defendant is "found" within the district.[5]

In accordance with the finding that Shintron transacted business in New York in connection with the copyright claim, I find that venue is properly found in this district for the copyright claim.

*Service of Process*

Shintron contends that this action must be dismissed pursuant to Rule 12(b)(4) and (5), F.R.Civ.P. for insufficiency of process and insufficiency of service of process. I reject this contention.

Sterling filed its summons and complaint in this court on November 10, 1977. A hearing on the order to show cause was held November 28, 1977. Shintron appeared specially, contesting jurisdiction and stating that papers had not yet been served upon Shintron.

The lack of service at that point was not a bar to my consideration of the order to show cause, although it would have been preferable for the complaint to have been served first. *Studebaker Corp. v. Gittlin,* 360 F.2d 692, 694 (2d Cir. 1966). The summons and complaint were served upon Mr. Shintaro Asano, president of Shintron, on November 28, 1977 in Cambridge, Massachusetts by a United States marshal. Service was properly made pursuant to Rule 4(e), F.R.Civ.P. and N.Y. CPLR Section 313. *Ghazoul v. International Management Services, Inc.,* 398 F.Supp. 307, 314 (S.D.N.Y.1975).

SO ORDERED.

---

**5.** This analysis is warranted also by statutory construction. An interpretation of Section 1400(a) which would require that defendant reside or do business within the district would render it redundant and unnecessary, as Section 1391, the general venue statute, already sets forth precisely those tests.