**S. L. KAYE CO., INC., Plaintiff,**

v.

**DULCES ANAHUAC, S. A., Defendant.**

**No. 80 Civ. 5651 (CBM).**

United States District Court,
S. D. New York.

Feb. 17, 1981.

Yuter, Rosen & Dainow by S. C. Yuter, New York City, Mitchell R. Katzman, New York City, for plaintiff.

Raymond, Schneider, Frank & Feldman by George A. Spadoro, Nicholas J. Spadoro, New York City, for defendant.

## MEMORANDUM OPINION

MOTLEY, District Judge.

Plaintiff, S. L. Kaye Co., Inc. (SLK), alleges in its twelve count complaint that defendant, Dulces Anahuac (Dulces), sold or offered to sell a candy packed in a bag and box similar in design to a bag and box designed by SLK, thereby (1) breaching an exclusive rights contract between the parties; (2) committing the tort of unfair competition; (3) violating the New York misappropriation and dilution statute, § 368–d of the General Business Law; (4) violating the federal false designation of origin statute, 15 U.S.C. § 1125(a), and copyright laws; and (5) violating the copyright laws of England and France. Dulces moved to strike two paragraphs of the complaint pursuant to Rule 11 of the Federal Rules of Civil Procedure, to dismiss three counts of the

complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted, to dismiss two counts pursuant to Rule 12(b)(2) for lack of personal jurisdiction, and to dismiss the remaining counts pursuant to the doctrine of *forum non conveniens.* On January 9, 1981, this court heard oral argument of Dulces' motions and denied them. The court now amends its order of January 9, 1981 to dismiss SLK's United States copyright claims for lack of personal jurisdiction. The reasons for the court's decision are set forth below.

SLK is a New York corporation with its principal place of business in New York City which imports and distributes confectionary products. Dulces is a Mexican manufacturer of confectionary products for domestic consumption and export. SLK's complaint alleges that on May 13, 1977, following extensive negotiations conducted in New York, it entered into an exclusivity contract with Dulces whereby SLK, in consideration of its development of business with Dulces, retained exclusive world rights, excepting the local Mexican market, of specified candy articles. One of these articles was a children's candy consisting of a lollipop and sugar crystals packed in a bag and display box allegedly designed and improved by SLK.

On May 30, 1980, Dulces sued SLK in the Supreme Court of New York, New York County, to recover $33,230.44 which it claimed represented the unpaid purchase price of goods sold and delivered to SLK. On October 3, 1980, SLK filed the instant action in this court and personally served the summons and complaint upon the attorneys appearing for Dulces in the state court action pursuant to § 303 of the New York Civil Practice Law and Rules (CPLR). SLK claims that Dulces breached the alleged exclusivity contract and violated SLK's trademark and other rights by selling and offering to sell the lollipop-sugar candy in the United States, England and France.

Dulces first moved to strike paragraphs 7 and 29 of the complaint pursuant to Rule 11 which reads in relevant part:

"The signature of an attorney constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information and belief there is good ground to support it; and that it is not interposed for delay. If a pleading . . . is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the pleading had not been served."

Paragraph 7 of the complaint alleges the signing of the exclusivity contract by SLK's president, Mr. Katzman, in New York and Dulces' export manager and administrator, Mr. Menendez and Mr. Cordeiro, in Mexico. Paragraph 29 alleges that, upon information and belief, Dulces has sold and offered to sell SLK's bagged lollipop-candy and display box in New York.

In support of its motion, Dulces submitted affidavits sworn to by Menendez and Cordeiro which denied that the parties entered into an exclusivity contract and that Dulces has sold or offered to sell candy in New York, other than its sales to SLK. SLK responded with an affidavit of Mr. Katzman which states that Menendez and Cordeiro executed an exclusivity contract as representatives in behalf of Dulces and with affidavits of the presidents of two New York trading companies which state that Dulces mailed them samples of the allegedly infringing candy.

■■ A pleading should not be stricken pursuant to Rule 11 unless it appears beyond doubt that it is sham and false; otherwise "it would deprive a party of his right to a trial of the issues posed by his complaint—it would mean trial by affidavits." *Murchison v. Kirby,* 27 F.R.D. 14, 19 (S.D.N.Y.1961). In light of SLK's affidavits, the court cannot accept Dulces' argument that SLK's allegations in paragraphs 7 and 29 are clearly without factual support. The truth of these allegations should be determined by the sufficiency of the evidence which SLK adduces at trial. Accordingly, Dulces' motion to strike paragraphs 7 and 29 is denied.

Dulces' motion to dismiss counts I, II, III and portions of count VII of the complaint for failure to state a claim upon which relief may be granted was premised on the court's granting of its motion to strike. Dulces argues that if the court concluded that there was no factual basis for SLK's allegations that Dulces sold or offered to sell the infringing articles in New York or entered into an exclusivity contract, then SLK's claims for violation of the New York misappropriation and dilution statute and for breach of contract would have to be dismissed for failure to state a claim.

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff and take the allegations as true. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Fine v. City of New York*, 529 F.2d 70 (2d Cir. 1975). It is a well-settled rule that the complaint should not be dismissed unless "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). The court's denial of Dulces' motion to strike plaintiff's allegations necessitates the denial of Dulces' motion to dismiss for failure to state a claim since, if SLK's allegations are taken as true, the cited counts of the complaint clearly state claims under New York and federal law.

Dulces also contends that SLK's federal copyright claims should be dismissed for lack of jurisdiction over the person of Dulces. SLK instituted this suit by serving Dulces' attorneys appearing in the state court action pursuant to CPLR § 303. Section 303 provides that the commencement of an action in the state by a person not subject to personal jurisdiction constitutes a designation by such person of his attorney as agent for service of a summons in any separate action in which the defendant in the first action seeks recovery against another party to the action, if the separate action would have been permitted as a counterclaim had the action been brought in the New York Supreme Court. Dulces argues that since the federal courts have exclusive subject matter jurisdiction over copyright actions under 28 U.S.C. § 1338, and the copyright claims, therefore, could not have been brought as counterclaims in the state court, SLK has failed to meet the requirements of § 303 with respect to its copyright claims.

Personal jurisdiction over a foreign corporation is governed by the law of the forum state. *Arrowsmith v. United Press International*, 320 F.2d 219, 223 (2d Cir. 1963). A federal court must examine the issue of personal jurisdiction separately for each cause of action asserted by the complaint to determine whether the requirements of the relevant jurisdictional statute are met. Those claims which do not provide a sufficient basis for personal jurisdiction under the CPLR should be dismissed. *Sterling Television Presentations v. Shintron Co.*, 454 F.Supp. 183, 186 (S.D. N.Y.1978); *R. F. D. Group Limited v. Rubber Fabricators, Inc.*, 323 F.Supp. 521 (S.D. N.Y.1971). The court, therefore, grants Dulces' motion to dismiss SLK's United States label and box copyright claims since this court lacks personal jurisdiction over Dulces as to these claims.[1]

Finally, Dulces moved to dismiss Counts IV through XII of the complaint on

---

1. The court also notes that venue is improper in this district as to SLK's copyright claims since 28 U.S.C. § 1400(a) provides that civil actions for infringement of copyright "may be instituted in the district in which the defendant or his agent resides or may be found." Under 28 U.S.C. § 1391(c), a corporation is a resident of "any judicial district in which it is incorporated or licensed to do business or is doing business...." A corporation is "found" in any district in which it is engaged in the same type of "systematic and continuous activity" necessary to make it "present" in that district. *Mode Art Jewelers Co. v. Expansion Jewelry Ltd.*, 409 F.Supp. 921 (S.D.N.Y.1976). It appears from the papers before the court that Dulces' activities in New York do not meet these standards. Dulces, however, waived this defense of improper venue since it did not raise it by motion or in a responsive pleading. Fed. R.Civ.P. 12(h).

the ground that this district is an inconvenient forum for the adjudication of these claims. Having denied Dulces' motion to dismiss for failure to state a claim upon which relief may be granted, the court must also deny this motion. SLK's claims for violations of New York and federal law arise largely out of acts allegedly committed by Dulces in New York. All of SLK's records and most of its witnesses are located in New York. It can hardly be said that SLK chose New York as a forum in order to harass, oppress or inconvenience Dulces when Dulces itself instituted an action, still pending against SLK, in the New York Supreme Court. The court finds that there is no more convenient forum for this action than New York.

Accordingly, Dulces' motions to strike paragraphs 7 and 29 of the complaint and to dismiss counts of the complaint pursuant to Rule 12(b)(6) and the doctrine of forum nonconveniens are denied. Dulces' motion to dismiss Counts V and VII of the complaint for lack of personal jurisdiction is granted.

SO ORDERED.