613 F.Supp. 342 (1985)
James NELSON, Plaintiff,
v.
R. GREENSPAN & COMPANY, INC., et al., Defendants.
No. 85-998C(1).
United States District Court, E.D. Missouri, E.D.
July 22, 1985.
*343 Herbert D. Schaeffer, St. Louis, Mo., for plaintiff.
Ronald E. Fox, St. Louis, Mo., for defendants.

MEMORANDUM
NANGLE, Chief Judge.
This case is now before this Court on defendants' motion to dismiss for lack of *344 personal jurisdiction or, in the alternative, to transfer this case to the United States District Court for the Eastern District of New York. For the reasons stated below, this Court denies defendants' motions.
Plaintiff's complaint states claims for negligent or intentional misrepresentation and breach of contract. Plaintiff alleges that defendants, a New York corporation and its chief operating officers, induced plaintiff to move his family from St. Louis, Missouri, to New York through false representations. According to the complaint, plaintiff is knowledgeable with respect to "wicker" merchandise and, since June of 1982, worked for the defendants as an independent contractor on a consulting basis with respect to wicker products. Under this arrangement, plaintiff commuted weekly to New York and was paid a weekly sum of money. Thereafter, plaintiff sought to terminate his business relationship with defendants. However, defendants allegedly responded by making several representations to plaintiff and requesting him to move to New York to become an employee of the defendant corporation. Plaintiff alleges that he relied on defendants' representations and accepted their offer of employment. It can be inferred from the complaint that the offer was accepted by plaintiff in Missouri. Plaintiff alleges that he moved to New York and that defendants' representations were false. In Count I of his complaint, plaintiff alleges that defendants knew or should have known that their representations were false. In Count II of his complaint, plaintiff alleges that defendants breached their contract with plaintiff.
In passing on a motion to dismiss for lack of jurisdiction over a non-resident, a federal diversity court is required to engage in a two-step inquiry: first, whether defendant committed one of the acts enumerated in the long-arm statute; and second, whether the exercise of personal jurisdiction over defendant violates the due process clause of the fourteenth amendment. The Land-O-Nod Company v. Bassett Furniture Industries, Inc., 708 F.2d 1338 (8th Cir.1983); Scullin Steel Co. v. National Railway Utilization Corp., 676 F.2d 309, 312 (8th Cir.1982). Plaintiff, the party that is seeking to invoke federal jurisdiction, has the burden of establishing that jurisdiction exists, and this burden may not be shifted to the party challenging the jurisdiction. Mountaire Feeds, Inc. v. Agro Impex, S.A., 677 F.2d 651, 653 (8th Cir. 1982). While the facts are viewed in the light most favorable to the plaintiffs, "there must nonetheless be some evidence upon which a prima facie showing of jurisdiction may be found to exist...." Aaron Ferer & Sons Co. v. Diversified Metals Corp., 564 F.2d 1211, 1215 (8th Cir.1977) (citations omitted). See also Data Disc, Inc. v. Systems Technology Associates, Inc., 557 F.2d 1280, 1285 (9th Cir.1977) (plaintiff need only make a prima facie showing of jurisdictional facts through submission of affidavits plus discovery materials); Greycas, Inc. v. Anderson, 584 F.Supp. 894, 895-96 (E.D.Mo.1984); 4 Wright & Miller, Federal Practice and Procedure: Civil § 1068 at 250 (1969).
Missouri's Long-Arm statute provides:
1. Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any such acts:
(1) The transaction of any business within this state;
(2) The making of any contract within this state;
(3) The commission of a tortious act within this state;
(4) The ownership, use, or possession of any real estate situated in this state;
(5) The contracting to insure any person, property or risk located within this state at the time of contracting.
2. Only causes of action arising from acts enumerated in this section may be asserted against a defendant in an action *345 in which jurisdiction over him is based upon this section.
§ 506.500, R.S.Mo. (1982).
The due process clause of the fourteenth amendment places limits upon the power of a court to exercise personal jurisdiction over a non-resident defendant. The due process clause requires that a defendant have certain minimum contacts with the forum state such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945); Land-O-Nod, 708 F.2d at 1340. Accord World Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); Kulko v. California Superior Court, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978). "In judging minimum contacts, a court properly focuses on `the relationship among the defendant, the forum, and the litigation.'" Calder v. Jones, 465 U.S. 783, ___, 104 S.Ct. 1482, 1486, 79 L.Ed.2d 804 (1984) (citations omitted). See also Helicopteros Nacionales de Colombia S.A. v. Hall, 466 U.S. 408, 104 S.Ct 1868, 1872, 80 L.Ed.2d 404 (1984). The defendant's contacts with the forum state must be purposeful and such that defendant "should reasonably anticipate being haled into court there." World Wide Volkswagen, 444 U.S. at 297, 100 S.Ct. at 567. See also Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958).
In this circuit, the due process standard has devolved into a consideration of five factors:
(1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts with the forum state; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties.
Aaron Ferer & Sons Co. v. Diversified Metals Corp., 564 F.2d 1211, 1215 (8th Cir. 1977). See Land-O-Nod, 708 F.2d at 1340. The first three factors are of primary importance and the last two are of secondary importance. Id.
In the opinion of this Court, defendants were properly served under Missouri's long-arm statute, because plaintiff has made a prima facie showing that defendants committed a tortious act outside the State of Missouri which was intended to cause and did cause consequences within the State of Missouri. In Sun World Lines, Ltd. v. March Shipping Corporation, 585 F.Supp. 580 (E.D.Mo.1984), this Court stated, as follows:
The tortious act component of § 506.500 has been interpreted to apply to extraterritorial acts that have consequences in the forum. See State ex rel. Deere and Company v. Pinnell, 454 S.W.2d 889 (Mo. banc 1970); State ex rel. Apco Oil Corporation v. Turpin, 490 S.W.2d 400 (Mo.App.1973). This interpretation is consistent with Missouri courts' broad interpretation of § 506.500 to extend jurisdiction of Missouri courts over non-resident defendants to the extent permissible under the due process clause. State ex rel. Newport v. Wiesman, 627 S.W.2d 874, 876 (Mo. banc 1982). In Pfeiffer v. International Academy of Biomagnetic Medicine, 521 F.Supp. 1331 (W.D.Mo. 1981), the court stated the applicable rule, as follows:
A non-resident defendant "commits a tortious act within the state" [consistent with § 506.500 and due process] when, through wholly extraterritorial acts it sets in motion a course of action deliberately designed to move into the forum state in order to injure plaintiff's business.

Id. at 1336 (citations omitted).
Sun World Lines, Ltd., at 584.
As in Sun World Lines, Ltd., plaintiff herein alleges intentional and negligent tortious conduct on the part of defendants which caused actionable consequences in Missouri to Missouri residents. It can be inferred from the conduct complained of in Count I that defendants allegedly set in motion a course of action which defendants intended to move in to Missouri in order to *346 harm plaintiff. In addition, it can be inferred from plaintiff's complaint that defendants were acting in both their corporate and individual capacities. Accordingly, plaintiff has made a prima facie showing that defendants' conduct satisfies the tortious conduct prong of Missouri's long-arm statute.
In addition, due process standards are not violated by exercising in personam jurisdiction over defendants with respect to Count I. A single tortious act is sufficient to support personal jurisdiction consistent with due process standards. See Institutional Food Marketing Associates, Ltd. v. Golden State Strawberries, Inc., 587 F.Supp. 1105 (E.D.Mo.1983), aff'd 747 F.2d 448 (8th Cir.1984). Plaintiff alleges that defendants knew their conduct would harm plaintiff in Missouri and that their conduct was directed at plaintiff in Missouri. The nature and quality of this contact with Missouri satisfies due process standards. The alleged conduct is far from "mere untargeted negligence." Calder v. Jones, 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984). Defendants' alleged misconduct was "purposefully directed" toward Missouri residents. Keeton v. Hustler Magazine, Inc., 465 U.S. 770, ___, 104 S.Ct. 1473, 1478, 79 L.Ed.2d 790 (1984). In these circumstances, personal jurisdiction over defendants does not offend "fair play and substantial justice", even though defendants never physically entered Missouri. Burger King Corporation v. Rudzewicz, ___ U.S. ___, ___, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528 No. 83-2097, slip op. at 14 (May 20, 1985).
Count II, of course, is a breach of contract action and personal jurisdiction must be valid as to each and every cause of action in a complaint. S.L. Kaye Co., Inc. v. Dulches Anahuac, S.A., 524 F.Supp. 17 (S.D.N.Y.1981); R.F.D. Group, Ltd. v. Rubber Fabricators, Inc., 323 F.Supp. 521 (S.D.N.Y.1971). In the case at bar, however, this Court is convinced that personal jurisdiction is also appropriate as to Count II, even though defendants' contacts with Missouri might not be sufficient for them to be subject to personal jurisdiction in Missouri with respect to Count II alone. Plaintiff's breach of contract claim is based on the same core facts as the fraud claim and requiring plaintiff to bring the contract claim in another forum would result in unnecessary duplicative litigation and a waste of judicial resources. This result is inconsistent with the federal rule of judicial economy. See C. Wright, A. Miller and M. Kane, Federal Practice & Procedure: Civil § 1069 at 85 n. 82 (1983 Supp.). Moreover, defendants will not be prejudiced in defending against Count II in Missouri, because it already has to defend the tort claim in Count I here. Sun World Lines, Ltd., at 584-585. Accordingly, defendants' motion to dismiss plaintiff's complaint for lack of personal jurisdiction be and is denied.
Further, defendants' alternative motion to transfer is denied. Defendants' motion to transfer is based on the doctrine of forum non conveniens as codified in 28 U.S.C. § 1404(a). In the opinion of this Court, New York is as inconvenient a forum to plaintiff as Missouri is to defendants. The weight to be given to plaintiff's choice of forum outweighs any potential inconvenience to defendants and their witnesses. It is only as a result of the allegedly wrongful conduct of defendants that several witnesses are located in New York. Accordingly, defendants' alternative motion to transfer is denied.