**Paul MacFARLANE, Plaintiff,**

**v.**

**TRI–STAR PICTURES, INC. and the Natural Movie Company, Defendants.**

**No. 85–979–C–(C).**

United States District Court, E.D. Missouri, E.D.

Jan. 29, 1986.

John Schuelter, St. Louis, Mo., for plaintiff.

Alan Pratzel, St. Louis, Mo., for defendants.

## MEMORANDUM

MEREDITH, Senior District Judge.

This matter is before the Court upon three motions. Defendant, The Natural Movie Company, has moved for dismissal for lack of personal jurisdiction pursuant to Rule 12(b) of the Federal Rules of Civil Procedure (F.R.C.P.); defendant Tri-Star Pictures, Inc. has moved for summary judgment pursuant to Rule 56 of the F.R. C.P.; plaintiff has moved for a preliminary hearing pursuant to Rule 12(d) of the F.R. C.P. This case was removed from state court and this court has jurisdiction pursuant to 28 U.S.C. § 1332.

The relevant facts are as follows. Plaintiff is employed by the *Sporting News* and is knowledgeable in the field of baseball history. He is a Missouri resident. Defendant, The Natural Movie Company (Movie Company), is organized under the laws of the State of California and has its principal place of business there. Defendant, Tri-Star Pictures Inc. (Tri-Star), is the successor in interest to Tri-Star Pictures, a New York partnership, none of whose members were Missouri residents. Movie Company made the motion picture "The Natural." Tri-Star Pictures distributed the film throughout the United States, including Missouri; however, the two defendants were separate entities.

"The Natural" was a fictional film which revolved around major league baseball in 1939. Employees of the Movie Company spoke to several people about baseball in 1939; they called plaintiff by long distance telephone. Plaintiff spoke to employees of the Movie company several times by long distance telephone, some of the calls were initiated by plaintiff and some by the Movie Company. The Hand Prop Room is a corporation, separate from both defendants, which supplied the Movie Company with props for the film. The President of the Hand Prop Room, Alan Levine, met with plaintiff in St. Louis and paid plaintiff for his services. Plaintiff had no contact with any employees or representatives of Tri-Star Pictures. Plaintiff claims that he en-

tered a contract with the Movie Company and Tri-Star Pictures, and that he is entitled to compensation for nineteen days worth of work. In addition to its personal jurisdiction claim, the Movie Company alleges that they spoke briefly with plaintiff, that no contract was entered into, and that plaintiff volunteered information which was never used in the movie.

## I.

On a motion to dismiss for lack of jurisdiction, the facts must be viewed in the way most favorable to plaintiff. *Aaron Ferer & Sons Co. v. Diversified Metals Corp.*, 564 F.2d 1211, 1215 (8th Cir.1977). However, once jurisdiction has been challenged or denied, plaintiff has the burden of proving that jurisdiction exists. *Id.; Inst. Food Marketing v. Golden State Strawberries*, 747 F.2d 448, 452 (8th Cir. 1984).

There is a two-part test to determine whether a case should be dismissed for lack of personal jurisdiction: first, whether the facts of the case satisfy the requirements of the state long arm statute; and second, whether exercise of personal jurisdiction is consistent with due process. *Scullin Steel v. National Ry. Utilization Corp.*, 676 F.2d 309, 312 (8th Cir.1982); *Greycas, Inc. v. Anderson*, 584 F.Supp. 894, 895 (E.D.Mo.1984).

The Missouri long arm statute authorizes jurisdiction over a nonresident that transacts any business within Missouri or makes any contract within the state [Note: There are other actions which invoke jurisdiction under the long arm statute, but they do not apply in this case]. R.S.Mo. § 506.500 (1986). In the present case, whether the Movie Company transacted business or entered a contract in Missouri is a fact question to be determined by the trier of facts.

■ To meet the due process standard, there must be sufficient "minimum contacts" between the nonresident defendant and the forum state so that jurisdiction is consistent with traditional notions of fair play and substantial justice. *Mountaire Feeds, Inc. v. Agro Impex, S.A.*, 677 F.2d 651, 654 (8th Cir.1982); *Inst. Food Marketing, supra* at 455. The factors to consider in deciding whether a defendant has minimum contacts are: the nature and quality of the contacts with the forum state; quantity of contacts with the forum state; relation of the cause of action to the contacts; interest of the state in providing a forum for its residents; and the convenience of the parties. *Inst. Food Marketing, supra* at 455; *M & D Enterprises, Inc. v. Fournie*, 600 S.W.2d 64, 68 (Mo.Ct.App.1980). The first three of these factors are of primary importance and the last two are of secondary importance. *Sun World Lines v. March Shipping Corp.*, 585 F.Supp. 580, 582–84 (E.D.Mo.1984). A nonresident's contact with the forum state must be such that defendant should reasonably anticipate being haled into court in the forum state, *Mountaire Feeds Inc., supra* at 654–55; *Greyas, Inc., supra* at 895–96, or defendant's actions should indicate that it has purposefully availed itself of the privilege of conducting activities within the forum state. *Aaron Ferer & Sons Co., supra* at 1215; *Inst. Food Marketing, supra* at 455–56. Finally, it is the defendant's contacts with the forum state that are important in determining whether personal jurisdiction exists, not defendant's contacts with a resident of the forum. *Inst. Food Marketing, supra* at 456.[1]

■ In the present case, the Movie Company's only contact with Missouri was several long distance phone calls from California. This contact alone is not sufficient minimum contacts to meet the due process requirement. *Mountaire Feeds, Inc., supra* at 656; *Scullin Steel, supra* at 314; *Inst. Food Marketing, supra* at 456. Therefore, defendant Movie Company's motion to dismiss for lack of personal jurisdiction will be granted.

---

1. For an analysis of Supreme Court cases interpreting the due process requirements, see *Burger King Corp. v. Rudzewicz,* —— U.S. ——, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

## II.

A motion for summary judgment must be granted if there is no genuine issue as to any material fact, and the moving party is entitled to a judgment as a matter of law. Rule 56 of the F.R.C.P. The evidence must be viewed in the way most favorable to the nonmoving party. *Butler v. MFA Life Ins. Co.*, 591 F.2d 448, 451 (8th Cir. 1979); *TRNKA v. Elanco Products Co., A Div. of Eli Lilly*, 709 F.2d 1223, 1225 (8th Cir.1983). The party moving for summary judgment must overcome a heavy burden of proof. *Butler, supra* at 451.

In the present case, plaintiff had no contact with Tri-Star Pictures or its employees. The Movie Company and Tri-Star Pictures were separate corporations. Therefore, defendant Tri-Star Pictures, Inc.'s motion for summary judgment will be granted.

## III.

The facts which form the basis for ruling on the motion to dismiss and motion for summary judgment are clear; therefore, plaintiff's motion for a preliminary hearing pursuant to Rule 12(d) of the F.R.C.P. will be denied.